1  |  **GEOFFREY V. WHITE (SBN. 068012)**
**LAW OFFICE OF GEOFFREY V. WHITE**

2  |  351 California St., Suite 1500
San Francisco, California 94104

3  |  Telephone: (415) 362-5658
Facsimile: (415) 362-4115

4  |  Email: gvwhite@sprynet.com

5  |  Attorneys for Plaintiff

6

7

8  |  UNITED STATES DISTRICT COURT

9  |  NORTHERN DISTRICT OF CALIFORNIA

10

11  |  **CATHERINE JORDAN,**                    )    Case No.
                                                )
12  |              Plaintiff,                    )    **COMPLAINT FOR INJUNCTIVE**
                                                )    **RELIEF AND DAMAGES FOR**
13  |         v.                                 )    **DISABILITY BENEFITS UNDER**
                                                )    **ERISA WELFARE PLAN**
14  |  **SUTTER HEALTH,** a California corporation; )
      **SUTTER HEALTH LONG-TERM**               )
15  |  **DISABILITY PLAN,** and **UNUM LIFE**    )
      **INSURANCE CO. OF AMERICA,** a Maine     )
16  |  corporation,                             )
                                                )
17  |              Defendants.                   )
                                                )
18  |  _____ )

19  |         Plaintiff, CATHERINE JORDAN, complains of Defendants, and each of them, and

20  |  alleges as follows:

21  |                          **JURISDICTION**

22  |         1.    This is an action by a participant in an employee welfare benefit plan against the

23  |  Plan and its named fiduciaries, for injunctive relief and damages to enforce her rights under the

24  |  Plan to receive long-term disability income benefits, because Defendant Unum Life Insurance

25  |  Co. of America ("Unum") has arbitrarily denied her appeal for continued LTD benefits.

26  |  Jurisdiction is conferred on this Court by Sections 502(e) and (f), 502(a)(1)(A) and (B), and

27  |  502(a)(2) and (3) of ERISA, 29 U.S.C. §§1132(e) and (f), 1132 (a)(1)(A) and (B), and

28  |  1132(a)(2) and (3), and by 29 U.S.C. §1331(a) and 28 U.S.C. §2201.

---

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## VENUE

2.     The Defendant Sutter Health Long-Term Disability Plan ("Plan") is administered within this District, and Defendant Unum Life Insurance Co. of America ("Unum") is doing business within this District. Venue is thus proper pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PLAINTIFF

3.     Plaintiff Catherine Jordan ("Jordan") is a natural person, and a resident of San Francisco, California. At all times material, she was an employee of California Pacific Medical Center ("CPMC") affiliated with Defendant Sutter Health, and a participant in the Defendant Plan, within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1102(7).

## DEFENDANTS

4.     Defendant Sutter Health was and is a California corporation, with its principal place of business in Sacramento, California. At all material times, Sutter Health was and is the employer maintaining Defendant Plan, and is therefore a Plan "administrator", "fiduciary" and "party in interest", within the meaning of sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

5.     Defendant Plan was and is an employee welfare benefit plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). Plaintiff is informed and believes, and thereon alleges that at all material times the Plan was fully insured through premiums paid to Unum pursuant to that certain Group Insurance Policy No. 520-230-226.

6.     Defendant Unum is, on information and belief, the party designated in the above Policy to make determinations of disability and benefit payments under the Plan. Defendant Unum is therefore allegedly a Plan "administrator", "fiduciary" and "party-in-interest", within the meaning of sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

## FACTS

7.     Plaintiff Catherine Jordan was employed by CPMC from approximately June 1, 1987 until approximately January 9, 2004, when she was required to leave her job as a registered nurse because of severe low back pain, radiating down to her foot. Plaintiff attempted to return

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  to modified work initially for 4 days in February, 2004, but was unable to continue and was

2  taken off work by CPMC's Occupational Medicine physician.  Plaintiff attempted again to return

3  to part-time modified work at CPMC in September, 2004 after extensive conservative treatment,

4  but was unable to tolerate even 5 hrs./day of sedentary work, and was taken off work again by

5  both CPMC's Physiatrist and her own Pain Management physician.

6      8.      In February, 2005, Plaintiff submitted her application for long-term disability

7  benefits to the Plan and its insurance carrier, Defendant Unum.  Unum awarded her LTD benefits

8  in June, 2005, and insisted she also apply for Social Security Disability benefits.  Nevertheless,

9  Unum terminated LTD benefits in July, 2007, claiming that a 4-hour Functional Capacity

10 Evaluation showed she was not disabled at all and could return to full-time work as a nurse.

11 Plaintiff timely appealed, and on February 14, 2008, March 4, 2008 and March 6, 2008,

12 submitted extensive medical and other evidence that she remained disabled and entitled to LTD

13 benefits.  On April 11, 2008, Unum denied the appeal and dismissed all Plaintiff's medical

14 evidence as insufficient, stating its in-house Internist and in-house Physiatrist had found no

15 medical evidence in the records of any loss of function.

16
### FIRST CLAIM
[Claim for Disability Benefits]

17

18     9.      Plaintiff incorporates by reference and realleges the allegations contained in

19 Paragraphs 1 through 8 above.

20     10.    Defendants, and each of them, have failed to comply with their duties under

21 ERISA, the Policy, and applicable Plan documents to afford Plaintiff a full and fair review and

22 determination of her claim for continued long-term disability benefits.  Defendant Unum has

23 ignored Plaintiff's evidence supporting her continued disability, and relied solely on a records

24 review by its in-house physicians in claiming Plaintiff does not suffer from disabling pain,

25 contrary to all of Plaintiff's treating and examining physicians and physical therapists.

26 Defendant Unum's denial of benefits and dismissal of Plaintiff's appeal was biased and tainted by

27 its pecuniary conflict of interest, since it would be required to pay the claim if granted.

28 Accordingly, this Court may not defer to Unum's decision, and exercises *de novo* review.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

11.    The Plan documents and Policy No. 520-230-226 also contain an insufficient grant of discretion by the Plan Administrator to Unum in determining eligibility for benefits. Accordingly, the Court exercises *de novo* review on this basis as well.

12.    The standards and procedures used in Unum's review of Plaintiff's appeal also violated Unum's obligations under its 2005 Settlement Agreement with the California Department of Insurance. Accordingly, the Court exercises *de novo* review on this basis as well.

13.    By their failure and refusal to pay Plaintiff's long-term disability benefits, Defendants, and each of them, violated the terms of the Plan and Policy, and Plaintiff's rights to such benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

## SECOND CLAIM
[Breach of Fiduciary Duty]

14.    Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 13, above.

15.    As the alleged Plan fiduciary responsible for determining claims for benefits, Defendant Unum was required, pursuant to Part 4 of Title I of ERISA and applicable State law, to discharge its duties with respect to benefit claims prudently, for the exclusive benefit of Plan participants and beneficiaries, and in accordance with the specific fiduciary obligations imposed therein, under the Plan documents, and under Unum's legal obligations to the California Department of Insurance.

16.    In its decision to terminate Plaintiff's LTD benefits, and its refusal to provide a full and fair review of her appeal, Defendant Unum acted arbitrarily and capriciously, in willful disregard of the terms of the Plan and Policy provisions, the medical evidence submitted, and its legal obligations under the California Settlement Agreement.  At all material times, Defendant Unum acted herein only in its own financial interest in denying Plaintiff's claim.  Accordingly, Defendant Unum has breached its fiduciary obligations under ERISA, the Plan and the subject Policy.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1.    <u>On the First Claim</u>:  For an Order directing Defendants to pay to Plaintiff the long-term disability benefits to which she is entitled under the terms of the Plan, together with pre-judgment interest from the date such benefits should have been paid.

2.    <u>On the Second Claim</u>:  For an Order removing Defendant Unum as Plan fiduciary and barring it from any further responsibility for claims determinations under the Plan.

3.    <u>On all Claims</u>:

    a.    For costs of suit herein, including reasonable attorneys' fees; and

    b.    For such other and further relief as the Court deems just and proper.

DATED: May 1, 2008                              LAW OFFICE OF GEOFFREY V. WHITE

By _____
          Geoffrey V. White
          Attorneys for Plaintiff

1   **GEOFFREY V. WHITE (SBN. 068012)**
    **LAW OFFICE OF GEOFFREY V. WHITE**
2   351 California St., Suite 1500
    San Francisco, California 94104
3   Telephone: (415) 362-5658
    Facsimile:  (415) 362-4115
4   Email:  gvwhite@sprynet.com

5   Attorneys for Plaintiff

6

7

8                       UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  CATHERINE JORDAN,                    )    Case No.
                                         )
12              Plaintiff,               )    **PLAINTIFF'S CERTIFICATION OF**
                                         )    **INTERESTED ENTITIES OR**
13          v.                           )    **PERSONS**
                                         )
14  **SUTTER HEALTH,** a California corporation;  )
    **SUTTER HEALTH LONG-TERM**          )
15  **DISABILITY PLAN,** and **UNUM LIFE**  )
    **INSURANCE CO. OF AMERICA,** a Maine  )
16  corporation,                         )
                                         )
17              Defendants.              )
                                         )
18  ─────────────────────────────────────)

19          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

20  named parties, there is no such interest to report.

21  DATED: May 1, 2008

22                               Respectfully submitted,

23                               LAW OFFICE OF GEOFFREY V. WHITE

24                               By _____
                                         Geoffrey V. White
25                                       Attorneys for Plaintiff

26

27

28