| | |
|---|---|
| 1 | **RIMAC MARTIN, P.C.** |
| 2 | JOSEPH M. RIMAC - State Bar No. 72381<br>ANNA M. MARTIN - State Bar No. 154279 |
| 3 | 1051 Divisadero Street<br>San Francisco, California 94115 |
| 4 | Telephone (415) 561-8440<br>Facsimile (415) 561-8430 |
| 5 | |
| 6 | Attorneys for Defendants<br>SUTTER HEALTH; SUTTER HEALTH<br>LONG-TERM DISABILITY PLAN; and |
| 7 | UNUM LIFE INSURANCE COMPANY<br>OF AMERICA |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**E-FILING**

| | |
|---|---|
| CATHERINE JORDAN, | ) |
| Plaintiff, | ) CASE NO. **CV 08-2273 EMC** |
| vs. | ) |
| SUTTER HEALTH, a California corporation; | ) **DEFENDANTS' ANSWER TO** |
| SUTTER HEALTH LONG-TERM DISABILITY | ) **PLAINTIFF'S COMPLAINT** |
| PLAN; and UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA, a Maine | ) |
| corporation, | ) |
| Defendants. | ) |

COME NOW Defendants SUTTER HEALTH, SUTTER HEALTH LONG-TERM DISABILITY PLAN, and UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") (herein collectively referred to as "defendants"), and in answer to Plaintiff's Complaint for Damages ("plaintiff's complaint"), respond, state, and aver as follows:

1. Answering paragraph 1 of plaintiff's complaint, defendants admit that plaintiff was a participant in an employee welfare benefit plan (the "Plan") at some of the times, but not all of the times mentioned in the Complaint, that plaintiff's claim arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") and as such, this

-1-
**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**                                    CASE NO. **CV 08-2273 EMC**

1 Court has subject matter jurisdiction of this action under 29 U.S.C. Section 1132 and 28 U.S.C.
2 Section 1331.  Save and except as expressly admitted herein, defendants deny each and every
3 remaining allegation contained in paragraph 1 of plaintiff's complaint.

4     2.    Answering paragraph 2 of plaintiff's complaint, defendants admit that venue is
5 proper.  Save and except as expressly admitted herein, defendants deny each and every remaining
6 allegation contained in paragraph 2 of plaintiff's complaint.

7     3.    Answering paragraph 3 of plaintiff's complaint, defendants admit they have
8 received information that plaintiff is a resident of San Francisco, California.  Defendants further
9 admit that plaintiff was an employee of the California Pacific Medical Center ("CPMC")
10 affiliated with Sutter Health.  Defendants admit that plaintiff was a participant of the Plan at
11 some of the time but not all of the time alleged in plaintiff's complaint.  Save and except as
12 expressly admitted herein, defendants deny each and every remaining allegation contained in
13 paragraph 3 of plaintiff's complaint.

14     4.    Answering paragraph 4 of plaintiff's complaint, defendants admit that defendant
15 SUTTER HEALTH is the Plan administrator.   Defendants further state that some of plaintiff's
16 allegations do not require a response to factual allegations, but a legal conclusion.  Save and
17 except as expressly admitted herein, defendants deny each and every remaining allegation
18 contained in paragraph 4 of plaintiff's complaint.

19     5.    Answering paragraph 5 of plaintiff's complaint, defendants admit that the Sutter
20 Health Long Term Disability Plan is wholly insured by a group long term disability policy issued
21 by UNUM Life Insurance Company of America to Sutter Health as an employee benefit for its
22 eligible employees.  Save and except as expressly herein, defendants deny each and every
23 remaining allegation contained in paragraph 5 of plaintiff's complaint.

24     6.    Answering paragraph 6 of plaintiff's complaint,  defendants admit that UNUM is
25 the claims review fiduciary. Defendants further admit that the Plan grants UNUM, and UNUM
26 exercised, discretionary authority to determine eligibility for benefits and to interpret the terms
27 and provisions of the policy.  Defendants further state that some of plaintiff's allegations do not
28 require a response to factual allegations, but a legal conclusion.  Save and except as expressly

admitted herein, defendants deny each and every remaining allegation contained in paragraph 6 of plaintiff's complaint.

7. Answering paragraph 7 of plaintiff's complaint, defendants admit they have received information regarding the chronology of plaintiff's employment history with CPMC. Defendants further admit that plaintiff claimed to be disabled as of January 9, 2004. Defendants further admit that it received information that plaintiff performed modified work beginning February 9, 2004 for approximately 10 days and on September 6, 2004 for approximately 2 months. Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 7 of plaintiff's complaint.

8. Answering paragraph 8 of plaintiff's complaint, defendants admit plaintiff filed a claim for disability benefits in or about February, 2005. Defendants further admit that plaintiff was paid disability benefits commencing in June, 2005. Defendants further admit that disability benefits were terminated in July 2007 because benefits were no longer payable under the terms and provisions of the policy. UNUM admits that plaintiff's appeal of the denial of further benefits was timely. UNUM further admits that plaintiff submitted medical records and information for UNUM's review on appeal, and that those medical records and information speak for themselves. UNUM admits that it upheld the decision to deny further benefits after appeal. Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 8 of plaintiff's complaint.

9. Defendants incorporate by reference their answers contained in paragraphs 1 through 8 above.

10. Answering paragraph 10 of plaintiff's complaint, defendants deny each and every allegation contained in paragraph 10 of plaintiff's complaint.

11. Answering paragraph 11 of plaintiff's complaint, defendants deny each and every allegation contained in paragraph 11 of plaintiff's complaint.

12. Answering paragraph 12 of plaintiff's complaint, defendants deny each and every allegation contained in paragraph 12 of plaintiff's complaint.

///

13. Answering paragraph 13 of plaintiff's complaint, defendants deny each and every allegation contained in paragraph 13 of plaintiff's complaint.

14. Defendants incorporate by reference their answers contained in paragraphs 1 through 13 above.

15. Answering paragraph 15 of plaintiff's complaint, defendants state that some of plaintiff's allegations do not require a response to factual allegations, but seeks a legal conclusion. Defendants admit that UNUM properly performed its duties in accordance with all applicable laws. Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 15 of plaintiff's complaint.

16. Answering paragraph 16 of plaintiff's complaint, defendants admit that UNUM has discretionary authority to determine eligibility for benefits and to construe the terms and provisions of the Plan. Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 16 of plaintiff's complaint.

17. Answering paragraph 1 of plaintiff's prayer for relief, defendants deny that plaintiff is entitled to any benefits other than those plaintiff has already collected, and further deny that plaintiff has been damaged in the amount alleged, in any amount, or at all, and further deny that plaintiff is entitled to any relief whatsoever.

18. Answering paragraph 2 of plaintiff's prayer for relief, defendants deny that plaintiff is entitled to any Order and further deny that plaintiff is entitled to any relief whatsoever .

19. Answering paragraph 3 of plaintiff's prayer for relief, including sub parts (a) and (b) contained therein, defendants deny that plaintiff has been damaged in the amount alleged, in any amount, or at all, and further deny that plaintiff is entitled to costs and/or attorney's fees, or any relief whatsoever.

**WHEREFOR,** defendants pray for judgment as set forth below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's purported claim for relief fails to state facts sufficient to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Plan.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims against defendant arise solely under ERISA. Therefore, plaintiff's rights and remedies are limited solely to those afforded under ERISA.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff has failed to mitigate her alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has failed to perform all of her obligations under the Plan at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The decision on plaintiff's claim was neither arbitrary nor capricious.

**EIGHTH AFFIRMATIVE DEFENSE**

8. No act or omission of defendant constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract of insurance did not allow for payment of the claimed benefits beyond those benefits already paid.

**NINTH AFFIRMATIVE DEFENSE**

9. Any alleged damage suffered by plaintiff was in no way caused by, or the result of, any fault, act or omission by defendants, but was caused by circumstances, persons, and/or entities, including plaintiff, for which and/or whom defendants are not and may not be held responsible, and for which defendants cannot be held liable.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's conduct bars, estops and/or constitutes a waiver of the claims asserted in plaintiff's complaint.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's complaint fails to state facts sufficient to entitle plaintiff to an award of attorneys' fees under ERISA.

**TWELFTH AFFIRMATIVE DEFENSE**

12. While denying any liability to plaintiff, there is no "vesting" of benefits under the policy, and any claim for benefits based on an alleged continuing disability must be supported by proof of such continuing disability. Benefits cannot be awarded prospectively.

**THIRTEENTH AFFIRMATIVE DEFENSE**

15. UNUM Life Insurance Company of America is an improper defendant in that ERISA permits suits to recover benefits only against the Plan as an entity. *Everhart v. Allmerica*, 275 F.3d 751 (9th Cir. 2001) and *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005).

Defendants reserve the right to assert additional affirmative defenses should it become aware of additional defenses during the course of this litigation, as set forth in Federal Rules of Civil Procedure, Rule 8.

**WHEREFOR**, defendants pray for judgment as follows:

1. That plaintiff take nothing by reason of her complaint;
2. For defendants' attorneys' fees and costs of suit incurred herein; and,
3. For such other and further relief as the Court deems just and proper.

RIMAC MARTIN
*a Professional Corporation*

DATED: June 20, 2008     By:     /S/ **ANNA M. MARTIN**
ANNA M. MARTIN
Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY OF AMERICA