1

**GEOFFREY V. WHITE (SBN. 068012)**
**LAW OFFICE OF GEOFFREY V. WHITE**

2

351 California St., Suite 1500
San Francisco, California 94104

3

Telephone: (415) 362-5658
Facsimile: (415) 362-4115

4

Email: gvwhite@sprynet.com

5

Attorneys for Plaintiff
CATHERINE JORDAN

6

7

**ANNA M. MARTIN (SBN 154279)**
**RIMAC MARTIN P.C.**

8

1051 Divisadero Street
San Francisco, California 94115

9

Telephone: (415) 561-8440
Facsimile: (415) 561-8430

10

11

Attorneys for Defendants
SUTTER HEALTH; SUTTER HEALTH

12

LONG-TERM DISABILITY PLAN, and
UNUM LIFE INSURANCE CO.

13

OF AMERICA

14

15

UNITED STATES DISTRICT COURT

16

NORTHERN DISTRICT OF CALIFORNIA

17

SAN FRANCISCO DIVISION

18

**CATHERINE JORDAN**,                                  )      **Case No.  C 08-02273 WHA**
                                                                              )

19

            Plaintiff,                                          )      **JOINT CASE MANAGEMENT**
                                                                              )      **CONFERENCE STATEMENT**

20

            v.                                                      )
                                                                              )

21

**SUTTER HEALTH,** a California corporation;  )
**SUTTER HEALTH LONG-TERM**                )

22

**DISABILITY PLAN,** and **UNUM LIFE**        )      Date:  August 7, 2008
**INSURANCE CO. OF AMERICA,** a Maine     )      Time:  11:00 a.m.

23

corporation,                                                  )      Crtrm:  9
                                                                              )      The Honorable William H. Alsup

24

            Defendants.                                      )
                                                                              )

25

26

27

28

Plaintiff Catherine Jordan ("Plaintiff") and Defendants Sutter Health, Sutter Health Long-Term Disability Plan (the "Plan") and Unum Life Insurance Co. of America ("Unum") (collectively "Defendants") submit the following Joint Case Management Conference Statement and Proposed Order pursuant to Local Rule 16-9.

**1. Brief Description of the Case**

Plaintiff brings this action against Defendants for benefits she alleges are due to her under the terms of the Plan, an employee welfare benefit plan governed by ERISA. The Plan was established by Sutter Health for the benefit of certain employees, including Plaintiff. The Plan is funded through a group insurance policy issued by Unum Life Insurance Co. of America to Sutter Health. Plaintiff was a Plan participant.

A. <u>Plaintiff's Position</u>

Catherine Jordan was employed as a Registered Nurse for California Pacific Medical Center in San Francisco for approximately 17 years, until she became disabled in January, 2004. She had been working with a 250 lb. patient for several days, and felt increasingly severe aching in her back. The pain became much more severe that night and through the next day, reaching a level she described as "bone crushing" pain for about 5 days. CPMC's Occupational Medicine Clinic took her off work for a few weeks. Ms. Jordan attempted to return to work in February, 2004, and was put on a desk job doing sedentary work. After only 4 days at this modified work, her pain became so severe that she had to stop. CPMC's doctor then took her off work and ordered an MRI. That showed disc degeneration and a broad-based annular disc bulge at L2-3; mild degenerative end plate changes at L4-5, with a 2-3-mm. broad-based annular disc protrusion touching the anterior thecal sac and the exiting left L4 nerve root, with mild left neural foraminal narrowing. At L5-S1, there was a minimal broad-based annular disc protrusion, not effacing the exiting nerve root.

Ms. Jordan remained off work for about 7 months, and underwent extensive physical therapy, acupuncture, and epidural steroid injections. Desperate not to lose her career as a nurse, Ms. Jordan tried again to return to modified work in September, 2004 for 4 hours per day. This was very light work, and after several weeks, CPMC's doctor increased her work hours to 8

1    hours.  After only 2 days, the pain in Ms. Jordan's legs shot up and by early November, 2004,

2    Ms. Jordan was unable to complete even 5 hours of work per day.  Her treating physician found

3    her to be totally temporarily disabled and took her off work entirely.

4         Ms. Jordan applied for LTD benefits in February, 2005, and Unum approved her

5    disability from her "own occupation" in June, 2005.  After 2 years, however, Unum terminated

6    Ms. Jordan's benefits under the "any occupation" standard.  Despite the restrictions from Ms.

7    Jordan's treating physician, indicating that she could work up to 4 hours a day for up to 4 days

8    per week, with frequent breaks to alternate sitting and standing, Unum had a Functional Capacity

9    Evaluation done in October, 2006 which concluded that Ms. Jordan could work at the light to

10   medium level.  This conclusion was based on only 4 hours of testing, and although the therapist

11   reported that Ms. Jordan showed significant pain and dysfunction, he still concluded she could

12   work full-time.  The report does not include any testing data or behavioral observations.

13        In February, 2008, Ms. Jordan completed an extensive appeal to Unum with substantial

14   medical, functional and vocational evidence demonstrating that she could only work

15   approximately 12 to 16 hours per week in a sedentary occupation.

16        Unum denied the appeal less than 2 months, based on an in-house medical review by an

17   Internist and a Physiatrist on its staff.  Unum's medical review rejected all of the conclusions by

18   Ms. Jordan's treating and evaluating physicians, as well as a 2-day Functional Capacity

19   Evaluation, contending that Ms. Jordan's limitations were simply "self-limiting" based on her

20   pain and fatigue, and that the testing simply showed her "self-report" of what she was willing to

21   do.  This lawsuit followed.

22        B.    Defendants Position

23        The Plan in which plaintiff was a participant provides own occupation benefits for

24   a period of 24 months.  After 24 months, plaintiff is not entitled to further benefits unless she is

25   unable to perform the duties of any gainful occupation for which she is reasonably fitted by

26   education, training and experience.  UNUM approved plaintiff's disability claim on the basis that

27   she could not perform her regular occupation as a registered nurse working on the hospital floor.

28   As such, UNUM paid plaintiff disability benefits through June, 2007.  Subsequently, UNUM

1   determined, based on the results of a functional capacity evaluation and based on discussions
2   with plaintiff's treating physician Dr. Schoffeman, that plaintiff had the ability to perform full-
3   time light work in alternate, gainful occupations.

4          Plaintiff appealed Unum's initial decision.    Unum performed a comprehensive and
5   independent review of plaintiff's claim on appeal.    As part of the appeal, plaintiff's entire file
6   was forwarded to Unum's medical department for a comprehensive review.    The medical review
7   indicated that plaintiff's injury appeared consistent with lumbar strain with degenerative findings
8   on her MRI and there was no documentation of clinical findings to support impairing spine
9   pathology.

10         Moreover, plaintiff's activities did not support an impairing spine pathology. Plaintiff
11  reported that she got married within a few months after stopping work and adopted a two year
12  old daughter.   In early 2006, the medical records note that plaintiff was working with a personal
13  trainer on an aggressive and regular basis and was able to take care of her home and family.

14         Plaintiff noted that she cares for her two year old daughter, cooks for her, bathes and
15  clothes her, plays with her, and takes her to activities and the park.   Plaintiff reported that she
16  does errands and schedules morning activities lasting up to two hours.   She reported that she has
17  the ability to go grocery shopping, light gardening, light cleaning, dishes, laundry, pick up toys,
18  sit through dinner at a restaurant, take continuing education classes for one to two hours and
19  drive.

20         Plaintiff also underwent the Functional Capacity Evaluation (FCE) on October 17, 2006,
21  which reported she was capable of sustaining medium work capacity.    Retrospectively, in
22  February, 2008, plaintiff claimed that she "had tears in her eyes from the pain in her back and
23  legs."   She reported that the therapist brought her ice to ease the pain.   Plaintiff also claimed that
24  "two days after the FCE, my back was very flared up from the pain, and I had to take several
25  more Norco than usual.   It took about 3 days for the pain to calm down to the level it had been
26  before the exam."   In contrast, during plaintiff's office visit with Dr. Schoeffman the day after
27  the FCE, on October 18, 2006, there is no mention of any increase in plaintiff's reported pain.
28  At this examination, he noted  "The patient returns today essentially unchanged.   She had low

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT and PROPOSED ORDER**
**Case No. C 08-02273 WHA**                                                      **- 4 -**

1     back pain, left gluteal pain, and left groin pain." He further noted that "She stands and walks

2     with normal posture and gait. Lower extremity motor examination is normal."

3         Finally, in order to give plaintiff's file every consideration, Unum referred her file to a

4     second physician who is board certified in Physical Medicine and Rehabilitation for review who

5     also opined that plaintiff had full time work capacity.

6         After a thorough review of all the information in Ms. Jordan's file, UNUM concluded

7     that plaintiff has the ability to perform full-time light duty occupations.

8         **2.**      **Principal Factual Issues Which the Parties Dispute:**

9         a)   Whether Plaintiff was disabled under the terms of the Plan.

10         b)   Whether Unum's termination of Plaintiff's LTD benefits was supported

11             by the Administrative Record.

12         c)   Whether Unum acted arbitrarily and capriciously in terminating Plaintiff's

13             LTD benefits.

14         **3.**      **Principal Legal Issues Which the Parties Dispute:**

15         a)   Whether Plaintiff was disabled under the terms of the Plan and entitled to LTD

16             benefits.

17         b)   The standard of review to be applied to Unum's determination.

18         c)   Whether Unum's claim decision was in breach of its fiduciary duties under the

19             Plan and ERISA.

20         **4.**      **Other Unresolved Factual Issues:**

21         None at this time.

22         **5.**      **Unserved and Additional Parties:**

23         All named parties have been served, and the parties do not contemplate adding any

24     additional parties.

25         **6.**      **Consent to United States Magistrate Judge for Trial:**

26         The parties do not consent to a Magistrate Judge for trial.

27             **ALTERNATIVE DISPUTE RESOLUTION**

28         The parties have agreed to participate in a private mediation through JAMS.

**DISCLOSURES**

The parties intend to exchange Initial Disclosures by August 7, 2008 along with related documents.

**MOTIONS**

If the matter is not resolved at mediation, the parties anticipate filing Cross-Motions for Judgment on the Administrative Record.

**DISCOVERY**

Because this matter is governed by ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), a trial of this matter is generally limited to the Court's review of the administrative record compiled and reviewed during the claims review and appeal processes. Accordingly, Defendants contend that no discovery outside of the administrative record is relevant or likely to lead to admissible evidence in a trial of this matter. Plaintiff contends that discovery is appropriate on the issue of the standard of review and/or any potential conflicts of interest, and that the Court has discretion to admit evidence outside the Administrative Record upon de novo review of the benefits claim.

**TRIAL SCHEDULE**

The parties request this case be set for trial, if necessary, in March, 2009. The parties anticipate a one-day bench trial.

///
///
///
///
///
///
///
///
///
///

**SIGNATURE AND CERTIFICATION BY TRIAL COUNSEL**

Each counsel certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed with their clients the available dispute resolution options provided by the Court and private entities, and has considered whether this case might benefit from any of the available dispute resolution options.

DATED:  July 31, 2008                         LAW OFFICE OF GEOFFREY V. WHITE


By_____/S/_____
         Geoffrey V. White
         Attorney for Plaintiff
         CATHERINE JORDAN R.N.

DATED:  July 31, 2008                         RIMAC MARTIN P.C.


By _____/S/_____
         Anna M. Martin
         Attorneys for Defendants
         SUTTER HEALTH; SUTTER HEALTH
         LONG-TERM DISABILITY PLAN, and
         UNUM LIFE INSURANCE CO. OF
         AMERICA

1

**CASE MANAGEMENT ORDER**

2

      The Case Management Statement and Proposed Order is hereby adopted by the Court as

3

the Case Management Order for the case and the parties are ordered to comply with this Order.

4

5

DATED: _____          _____

6

                                        Honorable William H. Alsup
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28